# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JIMMY DOUGLAS**<br><br>   **Plaintiff,**<br><br>versus<br><br>**FORESTWOOD APARTMENTS/BATON ROUGE LTD., CLK MULTIFAMILY MANAGEMENT, C-K FORESTWOOD, LLC, C-K FORESTWOOD REALTY CORPORATION, AND XYZ INSURANCE COMPANY**<br><br>   **Defendants** | **CIVIL ACTION NO.**<br><br><br>**JUDGE**<br><br><br>**MAGISTRATE JUDGE** |

## NOTICE OF REMOVAL

Defendants, CLK Multifamily Management, LLC; C-K Forestwood LLC; and C-K Forestwood Realty Corporation (collectively, the "Defendants") hereby give notice and remove the civil action entitled *Jimmy Douglas v. Forestwood Apartment/Baton Rouge Ltd., CLK Multifamily Management, C-K Forestwood, LLC, C-K Forestwood Realty Corporation, and XYZ Insurance Company,* bearing Suit No. C-699401, from the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana. This removal is done pursuant to 28 U.S.C. §§ 1441 and 1446, and based on this Court's jurisdiction under 28 U.S.C. § 1332

Title 28 U.S.C. §1446 requires that a short and plain statement of the grounds for removal accompany any notice of removal. This action may be removed because the Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 as detailed below.

A. **Procedural Background**

1. On September 4, 2020, Jimmy Douglas ("Plaintiff") filed a civil action entitled *Jimmy Douglas v. Forestwood Apartment/Baton Rouge Ltd., CLK Multifamily Management, C-K Forestwood, LLC, C-K Forestwood Realty Corporation, and XYZ Insurance Company,* bearing Suit No. C-699401, with the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana (the "State Court Action").

2. The State Court Action was not served on the Defendants until September 14, 2020, which is when the Defendants first learned of its existence.

3. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders filed in the State Court Action are attached hereto as Exhibit 1.

4. This Notice of Removal has been timely filed pursuant to 28 U.S.C. § 1446(b).

5. Pursuant to 28 U.S.C. §§ 124(c)(2), 98(a), and 1441(a), this Notice of Removal is properly filed in the Middle District of Louisiana, because the jurisdiction of this Court embraces the Parish of East Baton Rouge, the parish in which the State Court Action was instituted.

6. Pursuant to 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of the Notice of Removal will be served promptly on all parties and will be filed with the Clerk of Court for the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

B. **Diversity of Citizenship Jurisdiction**

7. Plaintiff is a citizen of Louisiana both at the time of the institution of the State Court Action and at the time of removal. *See* Petition for Damages, included in Ex. 1, at p. 1.

8. Defendant CLK Multifamily Management, LLC is a limited liability company with all members being citizens of states other than Louisiana. No member of CLK Multifamily Management, LLC is a citizen of Louisiana. Accordingly, CLK Multifamily Management, LLC is not a citizen of Louisiana. *See* Ex. 2, Declaration of Michael J. Keith, pp. 1–2, ¶ 5.

9. Defendant C-K Forestwood LLC, is a limited liability company with all members being citizens of states other than Louisiana. No member of C-K Forestwood LLC, is a citizen of Louisiana. Accordingly, C-K Forestwood LLC is not a citizen of Louisiana. *See id.*

10. Defendant C-K Forestwood Realty Corporation is a corporation that is incorporated under the laws of the State of Delaware, with its principal place of business in Woodbury, New York. Accordingly, C-K Forestwood Realty Corporation is not a citizen of Louisiana. *See id.* at p. 2, ¶ 6.

11. The citizenship of "XYZ Insurance Company" is disregarded, because, under 28 U.S.C. § 1441(b)(1), "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) . . . the citizenship of defendants sued under fictitious names shall be disregarded."

12. Finally, the citizenship of Defendant Forestwood Apartment/Baton Rouge Ltd., can also be disregarded as it is an improperly-joined party.

13. "Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non[]diverse party in state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013). The test "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). As part of the improper joinder analysis, the "court may pierce the pleadings and consider summary-judgment type evidence." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

14. Forestwood Apartment/Baton Rouge Ltd., has no connection to any of the other defendants in this matter and has no connection to the apartment complex at issue in this litigation. *See* Ex. 2, Declaration of Michael J. Keith, p. 2, ¶¶ 7–8.

15. Furthermore, based on records from the Texas Secretary of State, the state where Forestwood Apartment/Baton Rouge Ltd., was formed, the entity involuntarily dissolved on July 30, 1997. *See* Ex. 3, Records from Texas Secretary of State Website.

16. Accordingly, based on these facts, it is evident that the Plaintiff cannot state a claim against Forestwood Apartment/Baton Rouge Ltd., and that there is no possibility of recovery in this case from that entity.

17. Nevertheless, and regardless of the improper joinder, Forestwood Apartment/Baton Rouge Ltd., prior to its involuntary dissolution, was a citizen of Texas. Thus, it would not destroy diversity jurisdiction. *See id.*

18. Therefore, there is complete diversity between the Plaintiff and the named Defendants in this proceeding.

## C. Amount in Controversy

19. The amount in controversy requirement is satisfied because a preponderance of the evidence shows that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). This is a personal injury matter in which Plaintiff alleges that he suffered "significant bodily injuries." *See* Petition for Damages, included in Ex. 1, at p. 2, ¶ 4. In addition to damages for his alleged injuries, Plaintiff is also making a claim for past, present and future "mental pain, anguish and distress," "disability," "loss of enjoyment of life," and "loss of earnings, income and/or earning capacity." *See* Petition for Damages, included in Ex. 1, at p. 5, ¶ 11.

20. On October 7, 2020, Defendants' requested that the Plaintiff stipulate that his damages are less than $75,000, exclusive of interest and costs. *See* Ex. 4, Email dated October 7, 2020 and attachment. Counsel for Plaintiff refused to sign the stipulation, because the amount in controversy was not less than $75,000. Ex. 5, Email dated October 8, 2020.

21. Via letter dated October 31, 2019, counsel for Plaintiff informed Defendants that the Plaintiff had "undergone surgery to repair the injuries to his knees and is currently in physical therapy." *See* Ex. 6, Letter dated October 31, 2019. Through her email dated October 8, 2020, counsel for the Plaintiff clarified that her client underwent a "bilateral quadriceps tendon repair" purportedly as a result of the incident that forms the basis of this suit. *See* Ex. 5, Email dated October 8, 2020.

22. Prior to removal, on multiple occasions, Defendants requested medical records from the Plaintiff regarding his treatment and the cost thereof, but Plaintiff has thus far failed to provide these records.

23. In light of (1) the alleged injuries to Plaintiff, (2) the statement from Plaintiff's counsel that the Plaintiff has undergone bilateral quadriceps tendon repair and physical therapy, (3) the Plaintiff's claims for lost wages, loss of earning capacity, and other general damages, (4) Plaintiff's refusal to stipulate that his damages do not exceed $75,000 exclusive of interest and costs, and (5) counsel for Plaintiff's statement that the Plaintiff's claims exceed $75,000, it is apparent by a preponderance of the evidence that the amount in controversy in this matter exceeds the amount of $75,000, exclusive of interests and costs.

24. With the requirements for diversity jurisdiction set forth by 28 U.S.C. § 1332 having been met, this Honorable Court has jurisdiction over this matter.

**D.    Consent to Removal**

25. Under 28 U.S.C. 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

26. Here, neither Forestwood Apartment/Baton Rouge Ltd., nor the fictitiously-named "XYZ Insurance Company" have been served at the time of this removal. *See* Ex. 1. Accordingly, their consent to this removal is not required.

27. Furthermore, Forestwood Apartment/Baton Rouge Ltd., cannot consent to removal, because it ceased to exist in 1997. *See* Ex. 3, Records from Texas Secretary of State Website.

WHEREFORE, Defendants, having met all the requirements for removal under 28 U.S.C. §§ 1441, *et seq*., including all the jurisdictional requirements of 28 U.S.C. § 1332, pray that this Notice of Removal be deemed good and sufficient and that this matter be removed from the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, to this Honorable Court.

        Respectfully Submitted,

*/s/ Justin J. Marocco*
Tarak Anada (La. Bar No. 31598)
Justin J. Marocco (La. Bar No. 35226)
JONES WALKER LLP
201 St. Charles Avenue, Suite 4900
New Orleans, Louisiana 70130
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
tanada@joneswalker.com
jmarocco@joneswalker.com

*Attorneys for Defendants CLK Multifamily Management, LLC; C-K Forestwood, LLC; and C-K Forestwood Realty Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Notice of Removal has been electronically filed in the Court's CM/ECF system and has been served by email on all counsel of record this 8th day of October, 2020.

*/s/ Justin J. Marocco*
