UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JIMMY DOUGLAS

VERSUS

FORESTWOOD APARTMENTS/BATON, ROUGE LTD., CLK MULTIFAMILY-MANAGEMENT, C-K FORESTWOOD, LLC, C-K FORESTWOOD REALTY CORPORATION, AND XYZ INSURANCE COMPANY

CIVIL ACTION

20-677-SDD-SDJ

## RULING

This matter is before the Court on the *Motion for Summary Judgment*[1] filed by CLK Multifamily Management, LLC; C-K Forestwood LLC; and C-K Forestwood Realty Corporation ("Defendants"). Jimmy Douglas ("Plaintiff") filed an *Opposition*[2] to the *Motion*, and Defendants filed a *Reply*.[3] For the reasons that follow, the Court finds that Defendants' *Motion* shall be GRANTED.

I.  **FACTUAL BACKGROUND**

This suit arises out of incident wherein Plaintiff tripped and fell while descending concrete steps outside of an apartment building owned and maintained by Defendants.[4] Plaintiff filed the instant premises liability action seeking damages for extensive injuries he allegedly suffered as a result of Defendants' failure to exercise reasonable care in maintaining the property.[5] Plaintiff tripped while walking near the edge of a set of steps

---

[1] Rec. Doc. No. 17.
[2] Rec. Doc. No. 19.
[3] Rec. Doc. No. 20.
[4] Rec. Doc. No. 1-2.
[5] *Id.*

that are bordered on the right-hand side in part by a grassy area and in part by a cement retaining wall.[6] As depicted in photographs introduced into evidence by both parties, the grassy area to the right of the steps is flush with one step, and the base of the retaining wall aligns with the next step down.[7] The retaining wall is composed of stacked cement bricks that are taller than both the first and second steps, thereby "retaining" the grassy area.[8] Plaintiff claims that while descending the steps, his right foot "came into contact" with a spot on the raised retaining wall where a portion of cement is missing, and this alleged defect contributed to his fall.[9]

In the instant *Motion*, Defendants submit that the area where the incident occurred is "open and obvious" to all and does not constitute an actionable "defect" under Louisiana law.[10] Defendants argue in the alternative that, even if the area is not "open and obvious," Plaintiff cannot prove Defendants had constructive knowledge of the purported defect, which is an essential element of Plaintiffs' claim.[11] Plaintiff asserts that there are genuine issues of material fact as to whether: 1) the steps and surrounding area contain an "open and obvious defect," and 2) Defendants had knowledge or notice of the alleged defect.[12]

---

[6] Rec. Doc. No. 19-2, p. 21–22.
[7] *Id.* at p. 68–73; Rec. Doc. No. 17-3, p. 28–29.
[8] *Id.*
[9] Rec. Doc. No. 19, p. 2.
[10] Rec. Doc. No. 17, p. 1.
[11] *Id*.
[12] Rec. Doc. No. 19, p. 1.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[14] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[15] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[16] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[17]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[18] All reasonable factual inferences are drawn in favor of the nonmoving party.[19] However, "[t]he Court has no

---

[13] Fed. R. Civ. P. 56(a).
[14] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[15] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25).
[16] *Rivera v. Houston Independent School Dist.,* 349 F.3d 244, 247 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[17] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995) (quoting *Little*, 37 F.3d at 1075).
[18] *Pylant v. Hartford Life and Accident Ins. Co.*, 497 F.3d 536, 538 (5th Cir. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).
[19] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[20] "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to support the complaint."'"[21] Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial.[22]

### B. Premises Liability

Plaintiff claims Defendants are liable under Louisiana Civil Code article 2317.1, which provides as follows:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of *res ipsa loquitur* in an appropriate case.

To prevail on his premises liability claim, Plaintiff must demonstrate: (1) the steps were in Defendants' custody; (2) the steps contained a vice or defect that presented an unreasonable risk of harm; (3) the defective condition caused the damage; and (4) Defendants knew or should have known of the defect.[23] Defendants' *Motion* alleges Plaintiff will be unable to prove the second and fourth elements. Therefore, the issue before the Court relates to whether the steps and surrounding area were defective

---

[20] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[21] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).
[22] *Anderson*, 477 U.S. at 249-251.
[23] *Cormier v. Dolgencorp, Inc.*, 136 Fed. Appx. 627, 627–28 (5th Cir. 2005) (citing La. C.C. arts. 2317 and 2317.1).

because of a condition that created an unreasonable risk of harm and, if such a defect exists, whether Defendants had actual or constructive knowledge of that defect.

1. <u>The Condition Presenting the Alleged Defect and Risk of Harm</u>

Not every defect, minor imperfection, or irregularity will give rise to liability.[24] For a defect to present an unreasonable risk of harm, "the defect must be of such a nature as to constitute a dangerous condition which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances."[25] Defendants claim the area where Plaintiff tripped was "open and obvious" and that he only fell due to his inattention.[26] To support their argument, Defendants rely on Plaintiff's deposition testimony where he identified the exact spot that allegedly caused him to trip.

In response, Plaintiff denies that the location he identified in numerous photographs is the area that presented a defective condition and ultimately caused his fall.[27] He claims there is a dispute of fact over the particular step he was descending when the fall occurred.[28] However, Plaintiff circled the area he attributes to this incident in photographs taken from various angles and testified, "I know I tripped there."[29]

---

[24] *Latimer v. Chet Morrison Contractors*, No. 11-CV-806, 2014 WL 2441153, at *4 (W.D. La. May 30, 2014) (citing *Durmon v. Billings*, 38,514 (La. App. 2 Cir. 5/12/04), 873 So.2d 872, 876).
[25] *Allen v. MC Offshore Petroleum, LLC*, No. 13-CV-48-SDD-RLB, 2015 WL 1757834, at *6 (M.D. La. Apr. 17, 2015) (quoting *Durmon*, 873 So.2d at 876).
[26] Rec. Doc. No. 17-1, p. 7.
[27] Rec. Doc. No. 19, p. 5–8; Rec. Doc. No. 19-1, p. 1.
[28] Plaintiff claims, "The defendants assert that Mr. Douglas tripped on the chipped portion of the first flat stone of the retainer wall, laid in the horizontal aspect, which is closest to the first step going down toward the parking lot," and that "[i]t was the was the next step and the worn area with the nail protruding that Mr. Douglas did not see, due to its vertical orientation, that caused this accident." Rec. Doc. No. 19, p. 5; 7. However, Defendants do not identify the area in either manner. Defendants defer to Plaintiff's sworn testimony and the photographs marked by Plaintiff to identify the alleged defect, which is not at odds with the description Plaintiff describes as the area "that caused this accident." *Compare* Rec. Doc. No. 17-1 *with* Rec. Doc. No. 19, p. 7.
[29] Rec. Doc. No. 19-2, p. 21; *Compare* Rec. Doc. No. 19-2, p. 68 *with* Rec. Doc. No. 19-2, p. 72–73.

 

From the perspective of descending the steps, the area identified by Plaintiff encompasses the outermost right front corner of one step, the outermost back right corner of the next step down, a portion of grass to the right of the steps, and a portion of the retaining wall to the right of the steps.[30] Plaintiff testified that the bottom corner of the retaining wall that abuts the side of the step is "washed out or wore out."[31] He stated that he was walking on the right side of the steps when the toe of his boot slipped into this "hole" in the retaining wall, leaving his foot partially on cement and partially in the grass.[32]

After studying the photographs hand-marked by Plaintiff and considering his testimony regarding his foot's partial placement on grass and cement, the Court finds there is no issue of material fact regarding the location of the allegedly defective condition. Plaintiff's attempt to reshape his deposition testimony, without providing "significant

---

[30] Rec. Doc. No. 19-2, p. 68; 72–73.
[31] *Id.* at p. 22.
[32] *Id.* at p. 22–23.

probative evidence" supporting his claim, does not create a genuine dispute of material fact.[33]

## 2. Whether the Defective Condition is Unreasonably Dangerous

Having determined there is no genuine issue of fact regarding the location of the alleged defect, the Court turns to whether the condition presented by the steps and surrounding area was unreasonably dangerous. To reach this determination, the Court applies Louisiana's risk-utility test, whereby a court "must balance the gravity and risk of harm against individual societal rights and obligations, the social utility of the thing, and the cost and feasibility of repair."[34] The risk-utility test incorporates the open and obvious doctrine; where the condition is open and obvious, "the probability of injury is low and the thing's utility will [often] outweigh the risks caused by its defective condition."[35] Generally, whether a condition is "open and obvious" is a mixed question of law and fact that is properly left to a jury; however, Louisiana jurisprudence does not preclude the granting of summary judgment in cases "where the plaintiff is unable to produce factual support for his or her claim that a complained-of condition or thing is unreasonably dangerous."[36] It is the Court's obligation to decide if there is a genuine issue of material fact on this point.[37]

In support of his claim, Plaintiff relies on expert testimony providing that the steps were not constructed in compliance with applicable building codes.[38] However, a

---

[33] *Nat'l Ass'n of Gov't Employees*, 40 F.3d at 713.
[34] *Broussard v. State ex rel. Off. of State Bldgs.*, 2012-1238 (La. 4/5/13), 113 So. 3d 175, 184.
[35] *Standifer v. Circle K Stores, Inc.*, No. CIV.A. 14-2431, 2015 WL 2452428, at *3 (W.D. La. May 21, 2015) (quoting *Broussard*, 113 So. 3d at 185).
[36] *James v. Hilton New Orleans Corp.*, No. CIV.A. 14-2763, 2015 WL 4606060, at *4 (E.D. La. July 30, 2015) (quoting *Bufkin v. Felipe's Louisiana, LLC*, 2014-0288 (La. 10/15/14), 171 So. 3d 851, 859 (Guidry, J., concurring)).
[37] *Id.* (quoting *Allen v. Lockwood,* 156 So.3d 650, 653 (La. 2015)).
[38] Rec. Doc. No. 19, p. 7–8.

"technical violation of a code does not necessarily make the thing unreasonably dangerous."[39] Additionally, the simple fact that an accident occurred does not alone "elevate the condition of the thing to that of an unreasonably dangerous defect."[40] Courts must consider not only the past accident history of the defect in question, but also "the degree to which a danger may be observed by a potential victim."[41]

Defendants present the deposition testimony of Property Manager, Louise Chapman, who testified that Defendants' employees regularly inspect the property to report and correct hazards.[42] Chapman's testimony establishes that there are no prior reports of accidents involving the alleged defect or incidents on the property similar to Plaintiff's.[43] Plaintiff offers no countervailing evidence on this point.[44]

As to the degree of danger that may be observed by a potential victim, Plaintiff claims that he could not see the defect in the retaining wall due to its "location on the far right vertical transition of the step [which] was not visible from the top of the cement steps."[45] Plaintiff asserts this visibility theory for the first time in his *Opposition* brief, and the argument contradicts his sworn testimony that he was not looking down at the time of the incident.[46] Plaintiff's deposition testimony is summary judgment evidence on this

---

[39] *Laffitte v. D&J Com. Properties,* LLC, 52,823 (La. App. 2 Cir. 8/14/19), 278 So. 3d 460, 466.
[40] *Durmon v. Billings,* 38,514, p. 7 (La. App. 2 Cir. 5/12/04), 873 So.2d 872, 876.
[41] *Id.*
[42] Rec. Doc. No. 17-5, p. 3–5.
[43] *Id.* at p. 4–5.
[44] *See* Rec. Doc. No. 19-1, p. 2; *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) ("To satisfy its burden, the party opposing summary judgment is 'required to identify specific evidence in the record, and to articulate the 'precise manner' in which that evidence support[s] their claim.'")
[45] Rec. Doc. No. 19, p. 2. He further argues, "The area near the defect also contained dead grass." *Id.*
[46] Rec. Doc. No. 19-2, p. 25.

issue; mere subsequent allegations presented in a brief prepared by counsel do not create a genuine issue for trial such to preclude summary judgment.[47]

The Plaintiff "ha[d] a duty to observe his pathway and is held to have seen obstructions which would have been discovered by a reasonably prudent person exercising ordinary care under the circumstances."[48] There is no summary judgment evidence that the retaining wall obstructed the view of the pathway on the steps. Rather, the evidence shows Plaintiff was walking on the far right-hand side of the steps, close enough to the edge that his foot was partially off the step and in the grass as it "hit" the retaining wall and became "lodged" in the bottom of the wall near the steps.[49] Based on the Plaintiff's testimony and the photographs he marked, the Court finds that a reasonably prudent person using caution and ordinary care in descending the steps would not walk so close to the edge that their foot would contact the raised retaining wall bordering the steps. The retaining wall stands taller than the steps and does not comprise part of the path of ingress or egress.[50] The condition presented by the steps and surrounding area is easily observable and avoidable.[51]

Simply claiming that Defendants should have repaired the flaw at the bottom of the retaining wall is insufficient to generate a question of fact as to whether the condition

---

[47] A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record. Fed. R. Civ. P. 56; *see also Hawking v. Ford Motor Credit Co.*, 210 F.3d 540, 545 (5th Cir. 2000); *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994).
[48] *Standifer v. Circle K Stores, Inc.*, No. CIV.A. 14-2431, 2015 WL 2452428, at *3 (W.D. La. May 21, 2015).
[49] Rec. Doc. No. 19-2, p. 19; 21–23.
[50] Rec. Doc. No. 19-2, p. 68–73; Rec. Doc. No. 17-3, p. 28–29.
[51] *Ports v. Circle K Stores, Inc.*, 395 F. Supp. 2d 442, 450 (W.D. La. 2005) (finding the bull nose edge of a concrete curb was not unreasonably dangerous based on photographs depicting that the curb was easily observable and reasoning that the Court must judge "the degree to which a danger may be observed by a potential victim.") (quoting *Durmon*, 873 So.2d at 876).

would cause injury to an individual exercising ordinary care under the circumstances.[52] Louisiana courts have recognized that it is common for the surfaces of streets, sidewalks, and parking lots to be irregular.[53] "It is not the duty of the party having garde of the same to eliminate all variations in elevations existing along the countless cracks, seams, joints and curbs."[54] While steps are not by themselves analogous to these typically flat surfaces, the "defect" identified by Plaintiff is not on the steps; rather, it is located on the bottom of the retaining wall adjacent to the steps, which is not designed for traversing.[55] An owner does not owe a duty to repair every slight defect on a retaining wall that is not intended for pedestrian travel.[56]

Moreover, there is no evidence of any other resident or visitor encountering this alleged defect or being injured in a manner similar to Plaintiff.[57] While the cost of a repair may be minor, the Court finds that Defendants owed no duty to Plaintiff to repair the bottom corner of a retaining wall that does not present an apparent risk of harm to persons exercising ordinary care under the circumstances. Plaintiff has failed to provide the Court with any evidence that would create a genuine issue of material fact indicating the condition was unreasonably dangerous.

---

[52] The Plaintiff testified that even if no concrete was missing from the retaining wall, he likely would have "hit" the wall with his foot but stumbled forward instead of falling. Rec. Doc. No. 19-2, p. 23.
[53] *Reed v. Wal–Mart Stores, Inc.,* 708 So.2d 362 (La. 1998); *Boyle v. Bd. of Supervisors, La. State Univ.,* 685 So.2d 1080 (La. 1997); *White v. City of Alexandria,* 43 So.2d 618 (La. 1949).
[54] *Leonard v. Sam's W., Inc.*, No. CIV.A. 11-846, 2013 WL 121761, at *2 (M.D. La. Jan. 9, 2013) (quoting *Reed,* 708 So.2d at 363.)
[55] *See Barney v. Exxon Mobil Oil Corp.*, No. CIV.A. 04-2715, 2006 WL 1004979, at *3 (E.D. La. Apr. 17, 2006) (holding that the owner of a gas station does not have a duty to repair every slight defect on elevated concrete pump islands, as it is unnecessary for customers to step up onto the islands, resulting in minimal traffic and a relatively low risk of harm.)
[56] *See id.*
[57] Rec. Doc. No. 17-5, p. 4–5.

**III. CONCLUSION**

After reviewing the competent summary judgment evidence, the briefs, the parties' submissions of facts, and the law, the Court finds that the material facts are undisputed. Considering 1) the photographs depicting the obvious condition presented by the steps and retaining wall, 2) Plaintiff's testimony regarding the visibility of the condition and establishing that he was not looking down at the time of the incident, 3) the reasonable lack of expectations that a visitor would step partially off the step and into the retaining wall, and 4) the lack of prior accidents in this area, the Court finds that the condition did not present an unreasonable risk of harm.

Because the Court finds that Plaintiff has not met his burden of proving the alleged defect was unreasonably dangerous, the Court does not reach the issue of constructive notice.[58]

For the reasons set forth above, Defendants' *Motion for Summary Judgment*[59] is hereby GRANTED.

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on October 18, 2022.

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[58] *See Boyle v. Bd. of Supervisors, La. State Univ.*, 685 So.2d 1080, 1084 (La.1997) ("Our finding that no defect cognizable under Article 2317 existed renders unnecessary any discussion of constructive notice.").
[59] Rec. Doc. No. 17.