**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JIMMY DOUGLAS**                                        **CIVIL ACTION**

**VERSUS**                                                    **20-677-SDD-SDJ**

**FORESTWOOD
APARTMENTS/BATON, ROUGE
LTD., CLK MULTIFAMILY-
MANAGEMENT, C-K
FORESTWOOD, LLC, C-K
FORESTWOOD REALTY
CORPORATION, AND XYZ
INSURANCE COMPANY**

<u>**RULING**</u>

This matter is before the Court on a *Motion to Review Taxation of Costs*[1] filed by

Plaintiff, Jimmy Douglas ("Plaintiff"). Defendants, CLK Multifamily Management, LLC; C-

K Forestwood LLC; and C-K Forestwood Realty Corporation ("Defendants") opposed

the *Motion*.[2] For the reasons set forth below, Plaintiff's *Motion to Review Taxation of*

*Costs*[3] shall be DENIED.

**I.      BACKGROUND**

On October 18, 2022, the Court granted a *Motion for Summary Judgment* filed by

Defendants, dismissing Plaintiff's claims with prejudice.[4] Defendants, as the "prevailing

party," were entitled to an award of costs pursuant to Federal Rule of Civil Procedure

54(d)(1) and filed a *Bill of Costs* with the Court.[5] Plaintiff filed an appeal of the judgment

---

[1] Rec. Doc. 34.
[2] Rec. Doc. 35.
[3] Rec. Doc. 34.
[4] Rec. Doc. 26.
[5] Rec. Doc. 30.

to the Fifth Circuit Court of Appeal on November 8, 2022.[6] The Fifth Circuit ultimately affirmed summary judgment, and the Clerk of Court taxed costs on the Plaintiff in the amount of $2,675.45.[7]

Plaintiff filed the *Motion to Review Taxation of Costs*[8] presently before the Court. In his two-page memorandum, Plaintiff asserts that Rule 54(d) commits the taxation of costs to the discretion of the district court.[9] He further argues that each party should bear their own costs in accordance with the equitable principles enumerated in Louisiana Code of Civil Procedure Article 1920 and notes that Defendants, "which are three large corporations," would not be severely prejudiced by paying their share of costs.[10]

In their *Opposition*, Defendants argue that Plaintiff incorrectly relies on Louisiana law rather than federal law.[11] Additionally, Defendants assert that evidence of financial disparity is alone insufficient to avoid the taxation of costs against the non-prevailing party. Having reviewed the applicable law, arguments, and evidence presented, and for the reasons set forth herein, the Court finds no reason to deviate from the Clerk of Court's taxation of costs to Plaintiff.

## II.    LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."[12] It is true that a court "may order each

---

[6] Rec. Doc. 28
[7] Rec. Doc. 32; Rec. Doc. 33.
[8] Rec. Doc. 34.
[9] Rec. Doc. 34-1.
[10] Rec. Doc. 34-1, p. 2.
[11] Rec. Doc. 35, p. 3.
[12] Fed. R. Civ. P. Rule 54.

party to bear its own costs," however, under this rule, there is a "strong presumption that the prevailing party will be awarded costs."[13] The award of costs can only be overturned when there is a clear abuse of discretion shown.[14] "A court 'may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so.'"[15]

The Fifth Circuit applied a range of reasons that other circuits have invoked to justify withholding costs paid to the prevailing party.[16] Such reasons include: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources."[17] Additionally, courts may also deny costs if "the losing party prosecuted the action in good faith."[18] However, good faith alone is insufficient to justify a denial of costs; denial should be premised upon *both* the good faith of the losing party as well as at least one of the aforementioned factors.[19] The Fifth Circuit has also held that financial disparity alone is not a sufficient reason for deviation even when faced with the decision to uphold the imposition of costs in favor of companies and against individual plaintiffs.[20]

Here, Plaintiff has not shown, nor even alleged, that the prevailing party has committed misconduct, that this matter confers a substantial benefit to the public, or that

---

[13] *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 428–29 (5th Cir. 2010) (internal quotations and citations omitted); *Hawkins v. City of Lexington*, 2022 WL 671452, at *1 (5th Cir. 2022); *see also Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006).

[14] *Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 752–753 (5th Cir. 2006).

[15] *Pacheco*, 448 F.3d at 794 (internal citations omitted).

[16] *Id.*

[17] *Id.*

[18] *Id.* (internal citations omitted).

[19] *Id.*

[20] *Moore v. CITGO Ref. & Chems. Co.*, 735 F.3d 309, 320 (5th Cir. 2013); *Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018).

this matter presents a close issue of unsettled law. Other than simply stating that he would "avoid financial hardship" and pointing out that Defendants "are three large corporations," Plaintiff has presented no argument or evidence to justify withholding the costs based on the financial resources of the parties.[21] Even if he had presented evidence to demonstrate the financial positions of the parties, financial disparity alone is insufficient to overcome the presumption in favor of the prevailing party. Plaintiff's reliance on Louisiana procedural law is misplaced, and he has not successfully overcome the presumption that Defendants, as the prevailing parties, should be awarded costs. Accordingly, the Court will affirm the Clerk's taxing of costs to Plaintiff.

## III.    CONCLUSION

For the reasons set forth above, Plaintiff's *Motion to Review Taxation of Costs*[22] is hereby **DENIED.**

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on March 12, 2024.

_____
**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[21] Rec. Doc. 34-1, p. 2.
[22] Rec. Doc. 34.